SIDNEY WEBB V. THE STATE.

No. 9831. Delivered February 3, 1926.

Rehearing denied March 10, 1926.

1.—Transporting Intoxicating Liquor—Voir Dire Examination of Jury—Held, Proper.

There was no error in permitting counsel for the state on the voir dire examination of the jury to ask them if they would be influenced in their verdict by the fact that appellant was arrested and found in possession of whiskey after a collision between his car and the motorcycle of Officer Andrews. The evidence on the trial having shown that appellant and parties with him, in the car, were in a wreck resulting from a collision at the time the whiskey was discovered, in Paris.

2.—Same—Evidence—Properly Admitted.

Where the evidence clearly showed that appellant brought the whiskey found in his possession, a few hours before its discovery, from the state of Oklahoma, there is no merit in his complaint of the proof that the appellant and others transporting liquor in the state of Oklahoma.

3.—Same—Evidence—Properly Admitted.

It is always permissible to show that a person on trial has destroyed or sought to destroy evidence against him, and there was no error in the

instant case in permitting the witness Phillips, to testify that he drove down to the scene of the wreck, and that a bottle fell right by his side, in the side of the ditch, evidently thrown out of the car by appellant.

### 4.—Same—New Trial—Newly Discovered Evidence—Properly Refused.

Where appellant asked for a new trial on the ground of the newly discovered evidence of two witnesses, and on the hearing of his motion it was shown that both of the newly discovered witnesses were present in the court room during the entire trial and were not called as witnesses and would not make affidavits as to the truth of the facts set out in the motion ·that they would testify to, there was no error in refusing him a new trial·

#### ON REHEARING.

### 5.—Same—Evidence—Held, Sufficient.

On rehearing we have carefully re-examined all of appellant's bills of exception, and are satisfied that the original disposition made of them was correct. The facts are conclusive that appellant, in company with others brought whiskey from Oklahoma into Texas, where it was discovered after a collision between appellant's car and a motorcycle. Finding no error of a reversible character, the motion for rehearing is overruled.

Appeal from the District Court of Lamar County.  Tried below before the Hon. George P. Blackburn, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*Patrick & Eubank* of Paris, for appellant.

*Sam D. Stinson,* State's Attorney and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is transporting liquor and the punishment is three years in the penitentiary.

The state's testimony is uncontradicted in this record; it was such as to perhaps warrant the court in charging on circumstantial evidence and this he did in a manner acceptable to the appellant. There are no objections to the court's charge contained in the record. We think the evidence is amply sufficient to show that the appellant procured whiskey in the state of Oklahoma near the Texas line and transported it to the city of Paris in Lamar County, Texas.

The appellant complains at the court's action in permitting the private prosecutor to state to the jurors in their voir dire examination the following: "The proof will show in this case that this transaction occurred at the time motorcycle officer Andrew Chenault was run over; from reading the newspaper

account of this would that influence you in arriving at your verdict?" Appellant objected to this statement first because the appellant is charged by seperate bill of indictment with driving while intoxicated and with failure to stop and render assistance after a collision, and a statement of the above facts calls to the mind of the jury facts connected with these charges; and second he objected to it because it is prejudicial to the rights of the defendant in that it places before the jury matters not connected with the case at bar; and third because defendant is not charged herein with running over motorcycle officer Andrew Chenault. The court in qualifying the bill says that only the third objection above mentioned was made to the question.

The record that is before us is replete with statements and suggestions that the appellant and parties with him in the car were in a wreck at the time the whiskey was discovered in Paris, and we fail to see how it could have in any manner prejudiced his rights for the state to inquire of the jurors as to whether or not this would in any manner influence their verdict in this case.

Various bills are reserved to the court's action in permitting proof that the appellant and others transported liquor in the state of Oklahoma. We think it clear beyond dispute from the facts and circumstances in this case that the appellant procured the very liquor that he was found with in Lamar County, Texas, a few hours before in the state of Oklahoma, and it seems to us clear that it was transported in his possession from that state into Texas. This being true, we think that he is without just grounds of complaint in regard to the matter.

The case was one depending on circumstantial evidence and it was certainly a cogent circumstance to show that a few hours before he was arrested in Texas and found with liquor in his possession at the scene of the wreck of his automobile, he had left Oklahoma in said automobile with a half gallon of whiskey. As above stated, it occurs to us that this is a cogent circumstance tending to show that he transported the liquor in this state.

Bill No. 3 is unintelligible and does not set out the surroundings of the questions and answers objected to in a manner sufficient for us to understand same.

It was clearly legitimate for the state to prove by the witness Phillips that he drove down to the scene of the wreck and

that a bottle fell right by his side in the side of the ditch. Other testimony in the case, if true, was sufficient to show that the appellant threw a jar containing whiskey out of the automobile. This witness further stated in his testimony that he first thought the receptacle was a bottle but that he afterwards discovered that it was a jar. It has always been permissible to show that a person on trial has destroyed or sought to destroy evidence against him. .

Appellant offered various special charges but so far as they were applicable to the facts in this case and correctly state the law, they were fully covered in the court's main charge to the jury. In fact, the charge as given by the trial judge was unusually clear and lucid and protected every right the appellant had. .

Appellant in his motion for a new trial seeks to allege newly discovered evidence. The motion in no manner complies with the law with reference to newly discovered evidence and besides the trial court in his qualification to the bill certifies that the testimony on the hearing on the motion for a new trial showed that both the witnesses by whom appellant claimed that he had discovered new evidence were in the court room when the defendant was tried and were not called by him to testify and that neither of these parties testified on motion for new trial either in person or by affidavit. But that defendant had purported affidavits of their testimony on the hearing of said motion and detached same from the motion and would not exhibit it to the court. Under this condition of the record, appellant was clearly not entitled to a new trial because of newly discovered evidence.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion appellant renews complaint of our decision on practically all of the points raised in the original submission. Each of the bills of exception has again received our careful consideration, same being viewed in

the light of the additional objections made by appellant in his said motion, but we are unable to bring ourselves in accord with any of the contentions made. The special charges were covered by the main charge. The accomplice witnesses who testified showed beyond question the transportation of intoxicating liquor by appellant up to a point near the ferry crossing Red River into Texas, and said witnesses admitted themselves to be so drunk beyond that point as to know little or nothing about what occurred. Other witnesses, whom in Paris, Lamar county, Texas, went out to the car in which the liquor was transported, on the night in question, after there had been a collision between said car and a motorcycle, testified to seeing appellant have in his hands what one witness then thought was a bottle but this witness and others later testified was a fruit jar and that same contained a quantity of whiskey variously estimated. The evidence seems ample to support the judgment of conviction, and we believe none of the contentions made in this motion are sound.

The motion for rehearing will be overruled.

*Overruled.*